## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT BEEN, § § **Plaintiff,** § § v. § § **ACTIVE WORLD HOLDINGS, INC.** § **D/B/A ACTIVE WORLD CLUB AND** § **ALFONSO KNOLL** § § **Defendants.** § | § § § § § **CIVIL ACTION NO. _____** § § § **JURY TRIAL DEMANDED** § § § § § |

## COMPLAINT

Plaintiff Scott Been ("Been"), through his undersigned counsel, hereby files this Complaint against the above-referenced Defendants, and in support thereof, states as follows.

### I.   INTRODUCTION

1. This is an action for fraud and fraud in the inducement on the part of Alfonso Knoll ("Knoll") and Active World Holdings, Inc. d/b/a Active World Club ("AWC"). As described herein, Knoll and AWC set out on an intentional course of fraudulent conduct to obtain property from Been by the use of false pretenses, false representations, and fraud. Knoll and AWC induced Been to execute a Token Purchase Agreement based on false pretenses and false representations. AWC then breached material terms of the Promissory Note ("Note") made by AWC in favor of Been on or about February 1, 2022 in the principal amount of $1,371,260.00 in connection with the Token Purchase Agreement. Knoll, the principal of AWC, negotiated on behalf of AWC and it is his representations made to Been that induced Been to depart with his property.

2. Been files this suit for fraud based on Knoll's and AWC's false and misleading statements regarding AWC's financial health and their business in general. Knoll and AWC made specific "representations and warranties" about AWC's financial position that Been relied upon in entering the Note. Contrary to what Knoll and AWC represent regarding AWC, AWC operates similar to a Ponzi scheme, injuring Been and countless others.

3. When AWC breached the Note, Been responded by demanding payment. Upon further negotiations, involving legal counsel on both sides, AWC, Knoll, and Been entered into a Settlement Agreement whereby AWC and Knoll had certain payment obligations. When payment came due, AWC and Knoll defaulted on the payment. Been sues alternatively under the Settlement Agreement for the amount he is owed thereunder.

4. Been files suit for fraudulent inducement because AWC and Knoll never intended to pay Been under the Settlement Agreement. Been would not have entered the Settlement Agreement if he had known AWC's and Knoll's true intentions not to pay the sums when they came due.

## II.   PARTIES

5. Plaintiff Scott Been is an adult individual residing in the State of Texas.

6. Defendant Active World Holdings, Inc. d/b/a Active World Club is a Pennsylvania business corporation with its principal address at 124 Huntzinger Road, Wernersville, Pennsylvania 19565.

7. Defendant Alfonso Knoll is an individual resident of the Commonwealth of Pennsylvania residing at 124 Huntzinger Road, Wernersville, Pennsylvania 19565.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff is a resident of the State of Texas and Defendants are residents of the Commonwealth of Pennsylvania.

9. Venue is proper in this District because the parties consented to jurisdiction and venue in this Court pursuant to Section 9 of the Note and Section 18 of the Settlement Agreement. Additionally, venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants are residents of the Commonwealth of Pennsylvania and reside in this District.

### IV. FACTS COMMON TO ALL COUNTS

10. On or about February 1, 2022, AWC entered into a Note with Been for payments made to Been in exchange for certain cryptocurrency. The Note was made in conjunction with a Token Purchase Agreement. In relevant part, AWC agreed to pay Been monthly payments of $30,000.00, beginning on March 1, 2022, until the principal sum of $1,371,260.00 was paid in full. Knoll and AWC made specific, false representations in the Token Purchase Agreement regarding AWC's ability to make payments under the Note. Specifically, they represented and warranted that AWC had "sufficient cash on hand or other sources of immediately available funds to enable it to make payment" of $1,371,260.00. This statement proved to be untrue. Knoll and AWC knew that these statements were false but made them with the intent Been would rely on them and enter into the Token Purchase Agreement and accept the Note.

11. After execution of the Note, AWC made the required regular monthly payments until September 1, 2022. Indeed, the last payment received by Been was the payment due in August 2022.

12. Pursuant to the default provisions found in Paragraph 5 of the Note, Been, through counsel, notified AWC of the breach and declared the entire outstanding principal balance of the Note due — $1,161,260.00. In addition to the outstanding principal amount due under the Note, Been made further demand for his then-existing out-of-pocket expenses in enforcement of the Note — $7,500.00. This demand was sent to AWC and Knoll on October 20, 2022.

13. Pursuant to the Note, AWC had five days to cure the defaults noted in Been's October 20, 2022 correspondence; however, AWC and Knoll failed to respond. As such, AWC remained in default under the Note.

14. Before AWC defaulted on paying the Note, AWC and Knoll enticed Been to use one of the monthly payments on the Note, in the amount of $30,000.00, to buy a Progressive X token. The Progressive X token was "built and ready to launch" according to Knoll. They even started promoting it on Twitter.

15. However, nothing had been done to build out the Progressive X token. No utility has been built and no token logo has been selected. AWC and Knoll have simply taken Been's money with the promise of delivering a Progressive X token. They have not delivered the token. In his demand letter to AWC and Knoll, Been demanded the return of this amount too.

16. AWC and Knoll further caused damage to Been with respect to the payout on the Captains NFT with AWC. Been invested $150,000.00 and has received back $47,250.00. Been has been further damaged in the amount of the remaining $103,250.00 and demanded repayment of this amount in his demand to AWC and Knoll as well.

17. Been had purchased other cryptocurrencies from AWC based on Knoll's false and deceptive statements. For example, the Millionaire NFT. Been paid $10,000.00 for one Millionaire NFT and has been promised $1,000,000.00 after the designated holding period ends. At this point,

Been has no hope for this Millionaire NFT. Been was to receive three times (3x) on the paired token drops as well. This is more of Knoll using AWC to lie to investors and defraud them out of money by telling them that AWC "is on a mission to help 1000 new members become millionaires, over the next year!"

18. On the eve of preparing to file suit against AWC and Knoll on the Note, AWC and Knoll engaged counsel in hopes of avoiding a lawsuit and discovery. The parties negotiated, Been in good faith, and put into the Settlement Agreement the deal they had reached. AWC and Knoll, jointly and severally, are responsible under the Settlement Agreement for paying Been $1,023,250.00. The payments were to be payable pursuant to a schedule. However, if AWC sold its cryptocurrency exchange before any default occurred, the entire amount would become due and payable at the closing of the sale.

19. A sale of the cryptocurrency exchange is exactly what happened. The Settlement Agreement was executed by the parties on December 15, 2022. Then, on December 20, 2022, AWC sold the cryptocurrency exchange. Knoll admitted in a recording released December 28, 2022 on Twitter entitled "AWC's 1st full year, crypto industry outlook, & plans for 2023 & beyond" that the sale of the AWC cryptocurrency exchange had already occurred. Consistent with this admission, the financial statements released by Net Savings Link, Inc. ("NSL") admits that it purchased AWC's cryptocurrency exchange with a promissory note for $2.5 million. The full amount owed on the Settlement Agreement of $1,023,250.00 is, thus, due and payable to Been. No grace periods apply, and no notice of default was required.

20. Because of Been's experience with AWC and Knoll, he wanted to examine the contracts for the sale of the cryptocurrency exchange. Under Section 21 of the Settlement Agreement, Been requested the production of the contract for the sale of AWC's cryptocurrency

exchange and any accompanying documents that relate to the sale by AWC or the closing of the transaction of the cryptocurrency exchange. AWC and Knoll have failed to provide these documents. AWC's and Knoll's obligation to do so is clear, and they are in default under the Settlement Agreement for failing to turn over the requested documents.

21. Instead of complying with the Settlement Agreement, AWC and Knoll tried to change the topic. The Settlement Agreement envisions Been turning over all his AWC cryptocurrency back to AWC and Knoll upon the full performance by them of the payments of the Settlement Agreement. It is important to note that Been doing this, however, is not governed by a specific time. In any event, in response to Been's demand for payment, AWC and Knoll attempt to say that Been himself is not in compliance with the Settlement Agreement. They further state that Been has eleven (11) wallets and that he has been trading within these wallets during the term of the Settlement Agreement. These statements by AWC and Knoll are false and are evidence that they never intended to pay under the terms of the Settlement Agreement. It was yet another lie.

22. Been has not created 11 wallets and has not traded within them. If AWC and Knoll can produce evidence of the existence 11 wallets, then they should also produce evidence of when they were created, how much Ethereum were the wallets funded with, show the emails requesting the wallets, and show the IP address(es) of the computer(s) creating the wallets. AWC and Knoll ran the cryptocurrency exchange and could set up wallets as needed using Been's driver's license and social security number.

23. Knoll operates AWC as something similar to a Ponzi scheme. He lies about AWC's financial wherewithal in hopes of getting more cash in before his promises to pay people back come due. And then he does it all over again. Been has been damaged by this scheme and the Settlement Amount is now due and payable.

## V.     CAUSES OF ACTION AGAINST KNOLL AND AWC

### Count 1 – Fraud

24. Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

25. Fundamentally, Knoll and AWC lied to Been about the financial wherewithal of AWC. Knoll and AWC had AWC enter into contracts with Been with the agreement of making future payments to Been. On the original Note, Knoll and AWC specifically promised that AWC currently had the money to make the payments. On the Settlement Agreement, Knoll and AWC again promised AWC could make the payments. Upon information and belief, AWC is not able to make the payments and Knoll and AWC fraudulently promised something that AWC could not pay for. When the payments came due, Knoll and AWC would look to make yet another agreement, pushing the payment down the line into the future. In this way, Knoll and AWC are engaged in something similar to a Ponzi scheme, defrauding not only Been, but other individuals and companies too.

26. At the time Knoll and AWC made these false representations to Been, Knoll and AWC knew them to be false. Indeed, Knoll and AWC made these false representations to Been solely to defraud Been and lure Been into entering into the transactions.

27. Been reasonably relied upon Knoll's and AWC's misrepresentations in agreeing to enter into the transactions involved.

28. Had Been known that Knoll's and AWC's representations were false and fraudulent, Been would have never agreed to enter into the transactions, nor would Been have agreed to transfer money to AWC.

29. As a result of Knoll's and AWC's knowingly false and fraudulent misrepresentations and Been's reliance upon the same, Been suffered damage.

### Count 2 – Fraud in the Inducement

30. Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

31. As alleged herein, to induce Been to enter into the Settlement Agreement, Knoll and AWC lied and misrepresented to Been their intentions to pay under the terms of the Settlement Agreement. In truth, Knoll and Been never intended to pay under the Settlement Agreement.

32. At the time Knoll and AWC made these false representations to Been, Knoll and AWC knew them to be false. Indeed, Knoll and AWC made these false representations to Been solely to defraud Been and lure Been into entering into the Settlement Agreement.

33. Been reasonably relied upon Knoll's and AWC's misrepresentations in agreeing to enter into the Settlement Agreement and agreeing to transfer cryptocurrency to AWC.

34. Had Been known that Knoll's and AWC's representations were false and fraudulent, Been would have never agreed to enter into the Settlement Agreement, nor would Been have agreed to transfer the cryptocurrency to AWC.

35. As a result of Knoll's and AWC's knowingly false and fraudulent misrepresentations and Been's reliance upon same, Been suffered damaged.

### Count 3 – Breach of Contract

36. Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

37. Been, on the one hand, and Knoll and AWC, on the other, entered into the Settlement Agreement. Knoll and AWC defaulted on the terms of the Settlement Agreement

because they failed to make a payment when it was due and they failed to produce documents that were reasonably requested.

38. Been has been damaged by Knoll's and AWC's actions and he seeks to recover damages.

### Count 4 – Joint and Several Liability

39. Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

40. Given the conduct of Knoll and AWC, as described herein, Knoll and AWC should be held joint and severally liable for the damages sustained by Been.

### Count 5 – Costs, Expenses, and Attorney's Fees

41. Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

42. Section 11 of the Settlement Agreement states that any breach of the Settlement Agreement entitles the prevailing party to attorneys' fees and costs.  Therefore, Been is entitled thereunder to his attorneys' fees and costs.

43. By reason of the foregoing, as well as Pennsylvania law, Been is entitled to reimbursement from Knoll and AWC for all costs, expenses, and attorney's fees incurred by Been in commencing and prosecuting this action, in an amount to be determined at trial.

### VI.   PRAYER

**WHEREFORE**, Scott Been prays for the following:

A. An award of damages;

B. An order confirming Knoll and AWC are jointly and severally liable for Been's damages;

C. An award of attorney's fees in an amount to be decided at trial;

D. An award of interest and costs; and,

E. Such further relief as this Court may deem just and equitable.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues of the Complaint so triable.

Respectfully submitted,

**KANG HAGGERTY LLC**

By: _/s/ Kandis L. Kovalsky_
Kandis L. Kovalsky
Lauren C. Goodfellow
123 S. Broad Street, Suite 1670
Philadelphia, PA 19109
P: (215) 525-5850
kkovalsky@kanghaggerty.com
lgoodfellow@kanghaggerty.com

**HENDERSHOT COWART, PC**

Simon W. Hendershot, III (*pro hac vice* to be filed)
David L. Augustus (*pro hac vice* to be filed)
Raymond L. Panneton (*pro hac vice* to be filed)
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:   (713) 783-3110
trey@hchlawyers.com
daugustus@hchlawyers.com
rpanneton@hchlawyers.com

ATTORNEYS FOR PLAINTIFF SCOTT BEEN

Dated: January 24, 2023