```
                    UNITED STATES DISTRICT COURT

              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SCOTT BEEN,                              :
                                         :  Case No. 23-CV-00292-KNS
                     Plaintiff,          :
                                         :
            vs.                          :  Philadelphia, Pennsylvania
                                         :  June 13, 2023
ACTIVE WORLD HOLDINGS, INC., dba         :  11:32 a.m.
ACTIVE WORLD CLUBS, ALFONSO              :
KNOLL,                                   :
                                         :
                     Defendants.         :
                                         :
. . . . . . . . . . . . . . . . . . . . .:


            TRANSCRIPT OF ORAL ARGUMENT ON MOTION TO COMPEL
                  BEFORE THE HONORABLE KAI N. SCOTT
                     UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:            Simon W. Hendershot, III, Esq.
                              1800 Bering Drive, Suite 600
                              Houston, TX   77057

For the Defendants:           George Meany Lutz, Esq.
                              Hartman Valeriano Magovern &
                              Lutz, P.C.
                              1025 Berkshire Blvd, Suite 700
                              Wyomissing, PA   19610

Court Recorder:               Susan Flaherty
                              Clerk's Office
                              U.S. District Court

Transcription Service:        Jessica B. Cahill, CER/CET-708
                              Maukele Transcribers, LLC
                              467 Maukele Place
                              Wailuku, Maui, HI   96793
                              Telephone: (808)298-8633


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

```
 1   JUNE 13, 2023                                      11:32 A.M.
 2              THE CLERK:  All rise.  The United States District Court
 3   for the Eastern District of Pennsylvania is now in session.  The
 4   Honorable Kai N. Scott presiding.
 5              THE COURT:  Good morning, everyone.
 6              MR. HENDERSHOT:  Good morning, Your Honor.
 7              MR. LUTZ:  Good morning, Your Honor.
 8              THE COURT:  Okay, counsel.  I'm calling the case of
 9   Been v. Active World Holdings, Incorporated, that is civil docket
10   number 23-292.  Counsel, if you can please identify yourselves
11   for the record.
12              MR. HENDERSHOT:  Yes, Your Honor.  Simon Hendershot
13   here on behalf of Scott Been, Plaintiff.
14              THE COURT:  Okay.
15              MR. LUTZ:  Good morning, Your Honor.  I'm George Lutz.
16   I represent Active World Holdings and Alfonso Knoll, the
17   Defendants.
18              THE COURT:  All right.  Good morning to both of you.
19   And good morning to you, sir.  How are you?
20              UNIDENTIFIED SPEAKER:  Good, thank you.
21              THE COURT:  All of you, please have a seat.
22              All right.  Counsel, we scheduled this hearing today
23   because there had been a motion to compel certain documents that
24   were requested in discovery.  So we decided to have an oral
25   argument today to determine whether, in fact, these documents
```

1  should be produced for purposes of moving forward with this
2  litigation.
3              I know that I did receive from the Plaintiff the
4  amended statement in support of the motion to compel.  That
5  amended statement has all of the documents that are being
6  requested that have not yet been previously disclosed.  I believe
7  there are 64 paragraphs that include pretty detailed information
8  about what documents are being requested and the reason that
9  these documents are being requested.
10             I have not received, though, from the Defendant any
11 response to this amended statement, nor what the Defendants'
12 position is as it relates to whether these documents -- these 64
13 documents or 64 requests should be granted or not granted, and
14 what the basis for that would be.
15             I do understand that both counsel have had a chance to
16 meet with each other though, and also with your client, I
17 believe, to determine what should be the outcome, at least as it
18 relates to some of the documents, if not all of the documents.
19             Does someone want to sort of fill me in as to where you
20 are after your discussions?
21             MR. HENDERSHOT:  Yes, Your Honor, I believe that we've
22 reached an agreement with respect to the items that are
23 identified in Plaintiff's amended statement in support of motion
24 to compel.  I think we had a total of 88 items in our original
25 request for production, Your Honor.  And after our last status

1  conference, you instructed us to narrow the scope down.  We did
2  that.  What is included in here are 20 different -- I think 20
3  different requests for productions that were out of the original
4  request for productions.  And we have agreed -- if you can bear
5  with me, Your Honor.  My eyes are not as good as they used to be.
6         THE COURT:  Mine either.
7         MR. HENDERSHOT:  We have agreed that with respect to
8  request for production number 4, that Defendants' objections will
9  be removed, and they will respond and tell us that they've
10 produced all that they have within their care, custody or
11 control.
12        Request number 5, the Defendants will remove their
13 objections and tell us that they've produced all that are within
14 their care, custody and control.
15        Request for production number 13, Defendants will
16 remove their objections and produce the relevant documents within
17 two weeks of today's date.
18        THE COURT:  As to numbers 4 and 5, is there a time --
19        MR. HENDERSHOT:  Yes.
20        THE COURT:  -- that has been agreed upon as well?
21        MR. HENDERSHOT:  Yes, Your Honor.  All of these will be
22 within two weeks.
23        THE COURT:  Okay.
24        MR. HENDERSHOT:  I'm sorry, I should have said that
25 from the start, Your Honor.

1            THE COURT:  Okay.
2            MR. HENDERSHOT:  Item number 16, Defendants will remove
3    their objection, and they will be producing the bank statements
4    for Active World Holdings dba Active World Club, within two
5    weeks.  They will be redacting the members names other than Scott
6    Been and Mr. Knoll.  But all other members names will be
7    redacted.  And they will be redacted in such a form that if there
8    is a reason later on that we need to know what that name was, Mr.
9    Knoll would be able to identify that for us.
10           THE COURT:  Okay.
11           MR. LUTZ:  Your Honor, if I may sort of comment or
12   address Mr. Hendershot?  We will --
13           THE COURT:  On which point?
14           MR. LUTZ:  On the nature of the redactions.
15           THE COURT:  Okay.
16           MR. LUTZ:  We will -- what he said is correct.  We will
17   redact the names of the members.  We will also redact the names
18   of the payees that are shown on the bank statements.
19           MR. HENDERSHOT:  Yes.
20           THE COURT:  Okay.
21           MR. HENDERSHOT:  I just haven't gotten there yet.
22           MR. LUTZ:  We'll number them so that they're uniquely
23   identified.
24           THE COURT:  Okay.
25           MR. LUTZ:  Thank you, Your Honor.

```
 1              MR. HENDERSHOT:  And just for clarification.  As I
 2   understand on the payees, that is if there is a wire going out to
 3   John Smith, John Smith's name will be redacted from it.
 4              THE COURT:  Okay.  So that's number 16?
 5              MR. HENDERSHOT:  Yes, Your Honor.
 6              Number 18, the Defendants' objections will be removed,
 7   and they will indicate that there are no responsive documents.
 8              Number 19, the Defendants' objections will be removed,
 9   and that they will indicate that they have produced all that are
10   within their care, custody and control after reasonable
11   diligence.
12              Number 20, the objections will be removed, and
13   Defendants will indicate that there are none within their care,
14   custody and control.
15              Number 22, we are holding on.  We don't have a
16   resolution.  We're not going to ask the Court to rule on number
17   22 today.  We want to get the bank statements, have the
18   opportunity to review those bank statements, and if we're
19   satisfied that the information is contained in there, then we
20   would not be pursuing Mr. Knolls personal bank statements.  But
21   we are not waiving that right at this time.
22              THE COURT:  Okay.
23              MR. HENDERSHOT:  Number 23, the objections will be
24   removed and the bank statements in the redacted format that we
25   just discussed will be produced within 14 days.
```

1              Number 24, the objections will be removed, and the bank
2  statements will be produced in the redacted format we just
3  discussed within 14 days.
4              Number 25, the objections will be removed, and the bank
5  statements will be produced in the redacted format that we've
6  just discussed within the next 14 days.
7              Number 26, the objections will be removed, and the bank
8  statements in the redacted format that we've just discussed will
9  be produced within 14 days.
10             Number 28, the objections will be removed, and
11 Defendants will produce all documents within their care, custody
12 and control within 14 days.
13             Number 29, the objections will be removed, and the
14 Defendants will answer that no sales of the Progressive X tokens
15 have taken place.
16             Number 34, the objection will be removed, and all
17 responsive documents within the Defendants' care, custody and
18 control will be produced within 14 days.
19             Number 36, all objections will be removed, and the bank
20 statements in the redacted format that we discussed will be
21 produced within 14 days.
22             Number 38, the objections will be removed, and the bank
23 statements in the redacted format that we've discussed will be
24 produced within 14 days.
25             Number 46, all objections will be removed and

1   Defendants will indicate that no documents exist within their
2   care, custody, and control.
3               Number 63, the objections will be removed, and
4   Defendants will indicate that they've produced all documents
5   within their care, custody and control, and will produce such
6   documents.
7               And number 64, the objections will be removed, and the
8   Defendants will produce all documents within their care, custody
9   and control and identify as such.
10              And that is all of them, Your Honor.
11              MR. LUTZ:  Your Honor -- Mr. Hendershot, would you just
12  repeat what you said for 63?  I want to make sure I have that
13  correct.
14              MR. HENDERSHOT:  63, all objections will be removed,
15  and you will produce all documents and confirm all documents
16  within your care, custody, and control have been produced.
17              MR. LUTZ:  Yeah, we believe we have produced them.
18              MR. HENDERSHOT:  Right.
19              MR. LUTZ: Yes.  All right.  That's my understanding.
20  Yes.
21              MR. HENDERSHOT:  Either have been produced or will be
22  produced within 14 days.
23              MR. LUTZ:  Yeah.  Yeah.
24              THE COURT:  Okay.
25              MR. HENDERSHOT:  And, Your Honor, I'll head back to

1   Houston as soon as you adjourn this hearing and start preparing
2   an order and endeavor to have you a proposed order submitted
3   tomorrow after I circulate it to opposing counsel.
4           THE COURT:  Okay.  Is there anything, counsel for the
5   Defense that you have heard that you think is inaccurate, as just
6   articulated to the Court?
7           MR. LUTZ:  No, Your Honor.
8           THE COURT:  Okay.  It seems to me, frankly, that you
9   could have saved yourself a trip from Houston and not appeared
10  here today, if counsel had worked together a little more
11  diligently in speaking with one another and going through the
12  list.  I think that Plaintiff's counsel certainly put together a
13  pretty detailed amended list with a checklist even of what was to
14  happen with all these documents.
15          So I'm not sure why it took counsel to come to
16  Philadelphia to meet with opposing counsel and your client, you
17  know, essentially 45 minutes before this oral argument was
18  supposed to start to come up with what I think is an appropriate
19  resolution, or at least something that both of you can live with.
20          So why did it take that and your feet being held to the
21  fire to sort of get to where we are now, where you're saying
22  these things should be produced?  Why wasn't there some
23  conversation prior to today when somebody came in from out of
24  town?  You know, we're all sitting here, and now we're here, and
25  here we are.  What was the issue?

1        MR. LUTZ:  Your Honor, I couldn't agree with you more.
2   I think this could have been done by phone or Zoom.
3        THE COURT:  So why wasn't it?  I'm not talking about
4   this hearing.  I'm talking about the conversation between the two
5   of you.
6        MR. LUTZ:  I understand, Your Honor.  I invited Mr.
7   Hendershot's colleague, Ray Panneton, about ten days ago to talk
8   about the entire case, including discovery, and he did -- you
9   know, we had that conversation.  It was a friendly conversation.
10  I was hoping to do this.  I never heard back.  I think it's
11  unnecessary for Mr. Hendershot to take his valuable time to fly
12  to Philadelphia for something we could have done on the phone.  I
13  invited them to do that.
14       Now, I don't have an email.  I don't have proof of
15  that, but that's what I'm stating to you, Your Honor.  And I
16  think Mr. Panneton would support that.
17       MR. HENDERSHOT:  I think Mr. Panneton -- because he and
18  I talked, and I was sitting there on one of those calls, would
19  tell you we couldn't get a response.  Just as this Court didn't
20  get a response to its order to reply to the statement.  Just as
21  when this Court ordered us to give, after the last status
22  conference, it was by phone that we provided a list of documents
23  to Mr. Lutz.  We couldn't get a response.  Not until we walked in
24  today did Mr. Lutz say he wanted to talk about this.
25       THE COURT:  I will say I did notice that there was not

1  a response to the very detailed amended list that was submitted
2  by the Plaintiff.  There was an order by the Court to have both
3  parties sort of narrow down what the actual issues were here.
4  You know, I talked to my law clerk about this, and I asked her,
5  you know, have we received anything from the Defense about what
6  their responses are, because I didn't want to come in here and
7  deal with, you know, this long laundry list of things that are
8  being requested and not being exchanged, if we can really narrow
9  down what the real issues are.  If there are some things that
10 everyone can agree on, great.  Let's put that to the side, and
11 let's get to the meat of the matter and the very discreet things
12 that are not being produced.  And it didn't help that the Defense
13 did not do that.
14         I don't know what's going on.  I'm not sure why
15 counsel, you know, hasn't worked together, and I'm not placing
16 blame, frankly, on one side or the other.  What I'm saying is
17 that from this point forward, I expect counsel to talk to one
18 another, to work together diligently.  You may not be able to
19 agree on every single issue, and that's fine.  That's the nature
20 of litigation.  But to the degree that there are some things that
21 you can work on together and that you can, you know, sort of
22 narrow down particular issues, I expect you to do that.
23         MR. LUTZ:  Absolutely, Your Honor.
24         THE COURT:  I shouldn't have to tell you to do that.
25 Both of you look to be, and I'm not saying how old you look, but

1  you look to be experienced litigators.
2          MR. LUTZ:  Yes, ma'am.
3          THE COURT:  And I don't feel like I should have to talk
4  to anyone like they're 15 years old.  I don't expect that.  I
5  expect you both to do your jobs and to work together to move
6  things forward to the degree that you can.
7          MR. HENDERSHOT:  Understood, Your Honor.
8          MR. LUTZ:  Yes, Your Honor.
9          THE COURT:  All right.  So I will expect to see the
10 proposed order that, of course, is mutually agreeable to both
11 counsel.  I will tell you I'm on vacation starting next Monday.
12 So if you can get the order to me before the end of the week, I
13 will sign off on the order, and it will be documented.
14         MR. HENDERSHOT:  Thank you, Your Honor.  We will have
15 it to you before the end of the week.
16         MR. LUTZ:  Thank you, Your Honor.
17         THE COURT:  Is there anything else that we need to
18 discuss as it relates to this matter?
19         MR. LUTZ:  Not that I'm aware of, Your Honor.
20         THE COURT:  I think we already have a scheduling order
21 in place as it relates to every other thing --
22         MR. HENDERSHOT:  Yes, Your Honor.
23         THE COURT:  -- that's supposed to happen after the
24 completion of discovery; is that right?
25         MR. HENDERSHOT:

```
 1              THE CLERK:  Yes, Your Honor.
 2              MR. LUTZ:  That's correct, Your Honor.  We did that at
 3   the status conference.
 4              THE COURT:  All right.  It's been very nice to see all
 5   of you.  Have a great day.
 6              MR. HENDERSHOT:  Thank you, Honor.  I appreciate your
 7   accommodating my schedule.
 8              THE COURT:  Sure.
 9              THE CLERK:  All rise.
10         (Proceedings concluded at 11:47 a.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE

I, Jessica B. Cahill, court approved transcriber, do hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Dated: June 14, 2023

_____
Jessica B. Cahill, CER/CET-708